# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

EVATT WARNER, III                                                           PLAINTIFF
ADC #160178

v.                                 5:18cv00202-KGB-JJV

RAHKEEM HAWTHORNE, CO II,
Cummins Unit, ADC; *et al.*                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    INTRODUCTION**

Evatt Warner, III ("Plaintiff"), an inmate at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He sued Rahkeem Hawthorne, a CO II at Cummins; Building Major Vernon Robertson; and Security Warden Jarred Buyers. (*Id.*) Upon screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, I recommended that Plaintiff's claims against Defendants Robertson and Buyers be dismissed for failure to state a claim; the recommendation remains pending. (Doc. No. 8.) Plaintiff's failure to protect claim against Defendant Hawthorne ("Defendant") proceeded past screening.

Defendant has filed a Motion for Summary Judgment. (Doc. Nos. 38-40.) He contends that Plaintiff failed to exhaust his administrative remedies and he is entitled to judgment as a matter of law on Plaintiff's claim against him. (Doc. Nos. 38-40.) Plaintiff has responded (Doc. No. 41) and this matter is now ripe for a decision. After careful review, and for the following reasons, I find Defendant's Motion for Summary Judgment should be GRANTED and Plaintiff's claims against Defendant should be dismissed without prejudice. *See Langford v. Norris*, 614 F.3d 445,

2

457 (8th Cir. 2010) (suit must be dismissed without prejudice if the plaintiff was required to exhaust yet failed to do so).

**II.     SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.   ANALYSIS**

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust available prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

The grievance policy of the Arkansas Department of Correction in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. Nos. 38-1; 38-2 at 2-3.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (Doc. No. 38-2 at 1-2.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (*Id*. at 5.) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id*. at 5-6.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id*. at 8.) The warden or his designee must provide a written response within twenty working days of

4

receipt. (*Id*. at 10.) If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (*Id*. at 11.) The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days. (Doc. No. 38-2 at 12.) "A written decision or rejection of an appeal at this level is the end of the grievance process." (*Id*.) Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit. Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(*Id*. at 4-5.)

Defendant contends Plaintiff did not exhaust any grievance against him pertaining to the claims in this lawsuit. (Doc. No. 39 at 7-9.) In support of his argument, he submitted the Affidavit of Terri Grigsby-Brown, the ADC's Grievance Coordinator. (Doc. No. 38-1.) According to her testimony, Plaintiff filed his first grievance regarding the failure-to-protect claims at issue in this case, grievance CU-16-00152, on February 4, 2016. (*Id*. at ¶ 29.) In grievance CCU-16-00152, Plaintiff alleged he was attacked on January 16, 2016, and the ADC failed to protect him, but Plaintiff did not name or make any reference to Defendant Hawthorne. (*Id*.; *see also* Doc. No. 38-4 at 1.) Because Plaintiff submitted his grievance more than fifteen days after the incident, grievance CU-16-00152 was rejected as untimely. (Doc. Nos. 38-1 at ¶ 30; 38-4 at 2). Plaintiff's appeal of the rejection was denied. (Doc. Nos. 38-1 at ¶ 31; 38-4 at 4.)

Plaintiff submitted grievance CU-17-120, his second step-one unit level grievance, on January 22, 2017. (Doc. Nos. 38-1 at ¶ 32; 38-5.) In grievance CU-17-120, Plaintiff complained again of being attacked on January 16, 2016. (Doc. Nos. 38-1 at ¶ 32; 38-5.) Although Plaintiff

did name Defendant Hawthorne in his second step-one unit level grievance, grievance CU-17-120 was also rejected as untimely. (Doc. Nos. 38-1 at ¶ 32; 38-5.)

In his Response to Defendant Hawthorne's Motion for Summary Judgment, Plaintiff maintains that he "never . . . [saw] any Administrative Directive on the Inmate Grievance Procedure . . . on any clipboards." (Doc. No. 41, at 1.) To the extent Plaintiff claims that he did not understand the grievance procedure, a plaintiff's misunderstanding about the grievance process does not render a grievance procedure unavailable. *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Plaintiff further asserts that grievance CU-16-00152 was untimely because he was "placed in the Hole, then SEG, and not allowed proper paperwork." (Doc. No. 41, at 2.) I find Plaintiff's argument is without merit. First, Plaintiff provided no evidence that he was refused grievance forms while in segregation/lockdown. In support of his position, Plaintiff offered only his self-serving statement. (Doc. No. 41.) A self-serving statement, however, is insufficient to create a genuine issue of material fact. *Anuforo v. CIR*, 614 F.3d 799, 807 (8th Cir. 2010). Second, after alleging he was not allowed proper paperwork, Plaintiff asserts simply that the proper paperwork was not available. (Doc. No. 41, at 2.) Even liberally construing Plaintiff's allegation, he has not claimed that any prison official impeded his access to the grievance process. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (where prison officials impede access to grievance process exhaustion not required). Third, it appears during the time he alleges paperwork was unavailable, Plaintiff challenged the loss in class he suffered as a result of the fight underlying his failure to protect claim. As Plaintiff explained, "I then appeal[ed] the decision of the Disciplinary Officer to the first step, to the Warden which he overturned and gave me my class back." (Doc. No. 41 at 1.) During his segregation and lockdown, Plaintiff was using processes available to him. Finally,

after grievance CU-16-00152 was denied as untimely, Plaintiff never mentioned his alleged lack of access to grievance forms as the reason for his late submission: neither his step-two, his appeal, nor his Complaint in this case allege that grievance forms were not allowed or not available. (Doc. No. 38-4.) In addition to the timeliness issue, grievance CU-16-00152 was procedurally flawed because it failed to mention Defendant Hawthorne at step-one or step-two. *Id.* Because prison officials did not address the flawed grievance on the merits, exhaustion of CU-16-00152 is not complete. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

Plaintiff's Response does not dispute that his second grievance, grievance CU-17-120, was untimely. (Doc. No. 41.) Accordingly, his Response raises no issue with respect to this grievance.

In summary, the evidence shows Plaintiff failed to exhaust any grievance against Defendant Hawthorne. Grievance CU-16-00152 did not follow prison grievance procedure because it was filed on February 4, 2016 — more than two weeks after the alleged January 16, 2016, incident — and because he failed to name Defendant Hawthorne in the grievance. Plaintiff's second grievance, CU-17-120, identified Defendant Hawthorne, but was filed more than a year after the incident. Both of Plaintiff's grievances were rejected and he did not exhaust his complaints on the merits. Therefore, Plaintiff failed to "complete the administrative review process in accordance with the applicable procedural rules" with respect to his claims against Defendant Hawthorne. *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). Accordingly, Plaintiff's claims against Defendant Hawthorne should be dismissed without prejudice.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant's Motion for Summary Judgment (Doc. No. 38) be GRANTED and

Plaintiff's claims against Defendant Rahkeem Hawthorne be dismissed without prejudice for failure to exhaust his administrative remedies.

    2.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 26th day of November, 2018.

                              JOE J. VOLPE
                              UNITED STATES MAGISTRATE JUDGE