# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**EVATT WARNER, III**                                                                                                                     **PLAINTIFF**
**ADC #160178**

**v.**                       **Case No. 5:18-cv-00202-KGB**

**RAHKEEM HAWTHORNE**                                                                              **DEFENDANT**

## ORDER

Before the Court are the Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 44). Plaintiff Evatt Warner filed objections to the Proposed Findings and Recommendations (Dkt. No. 46). After careful consideration of the Proposed Findings and Recommendations, the objections, and a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations as its findings in all respects (Dkt. No. 44).

The Court writes separately to address Mr. Warner's objections. Mr. Warner filed this action pursuant to 42 U.S.C. § 1983 alleging that defendant Rahkeem Hawthorne, a correctional officer, allowed him to be attacked (Dkt. No. 2, at 5). Judge Volpe recommends dismissal without prejudice of Mr. Warner's claims because there is no genuine issue of material fact in dispute as to whether Mr. Warner failed to complete and submit a "Unit Level Grievance Form" within fifteen days after the occurrence of the incident at issue as required by Arkansas Department of Correction Administrative Directive 14-16 (Dkt. No. 44, at 7). In his objections, Mr. Warner argues that he "was denied paperwork and signing of proper paperwork (grievances) from multiple [sergeants], problem solvers . . . ." (Dkt. No. 46). Mr. Warner also presents the affidavit of Cody King, who states that he "was in administrative segregation with Evatt Warner . . . from between the date

1/16/16 to 1/27/16 and witnessed Mr. Warner trying to no avail to get a number of Sgts/problem solvers to bring grievance form[]s and or sign his grievance forms." (Dkt. No. 48).

The Court agrees with Judge Volpe that summary judgment as a matter of law is appropriate on Mr. Warner's claims, as no reasonable juror could conclude that Mr. Warner timely filed a grievance under Administrative Directive 14-16 or that the grievance process was unavailable to Mr. Warner. The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust available prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Bock*, 549, at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

The undisputed record evidence is that, at the time Mr. Warner alleges he was attacked, the grievance policy of the ADC was Administrative Directive 14-16 and that Mr. Warner's allegations are governed by that policy (*see* Dkt. Nos. 38-1; 38-2, at 2-3). Administrative Directive 14-16 states that the first step of the grievance process is that an inmate must complete and submit a Unit Level Grievance form "within 15 days after the occurrence of the [grieved] incident . . . ." (Dkt. No. 38-2, at 5).[1] The prisoner must then present the grievance form to a "designated

---

[1] The Court notes that Administrative Directive 14-16 provides prisoners with "15 days" to file an initial grievance while the ADC's time to respond to grievances is denominated in

problem-solver" or, if a designated problem-solver is unavailable, to "any staff member holding the rank of sergeant or above," at which point the problem-solver or staff member must sign and date the form (*Id.*, at 6). The undisputed record evidence is that Mr. Warner filed two grievances related to the attack—CU-16-00152 and CU-17-120—and that both of those grievances were submitted more than fifteen days after the attack, which allegedly occurred on January 16, 2016 (Dkt. Nos. 38-1, ¶¶ 30-32).

Since there is no question that Mr. Warner's grievances were untimely under Administrative Directive 14-16, the Court turns to the question of whether ADC officials prevented Mr. Warner from utilizing the grievance process. It is true that a prisoner is not required to exhaust prison grievance procedures if prison officials prevent that prisoner from utilizing grievance procedures. *See Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). The Court concludes that Mr. Warner and Mr. King's statements regarding Mr. Warner's inability to file a grievance following the alleged attack are insufficient to create a genuine issue of material fact.

In his own statement, Mr. Warner avers that he was placed in segregation following the attack and not allowed "proper paperwork." (Dkt. No. 41, at 2). However, Mr. Warner also alleges that, during this same time, he grieved "the decision of the Disciplinary Officer to the first step," and that the Warden overturned a decision and gave Mr. Warner his class back, which indicates that Mr. Warner during his segregation and lockdown was using processes available to him (Dkt. No. 41, at 1). Further, as Judge Volpe notes, Mr. Warner never mentioned his alleged lack of access to grievance forms as the reason for his late submission in his step-two, his appeal, or his complaint in this case (Dkt. No. 44, at 7).

---

"working days," which exclude holidays and weekends (*see* Dkt. No. 38-2, at 2, 6, 7, 8, 9, 10, 11, 12, 13).

Additionally, Mr. King avers that he "was in administrative segregation with Evatt Warner . . . from between the date 1/16/16 to 1/27/16 and witnessed Mr. Warner trying to no avail to get a number of Sgts/problem solvers to bring grievance form[]s and or sign his grievance forms." (Dkt. No. 48). Even taking this statement as true, Mr. Warner could have turned in his grievance form timely to an appropriate prison official up to January 31, 2016, and Mr. King does not aver that Mr. Warner was unable to do so after January 27, 2016.

Accordingly, viewing this record evidence in the light most favorable to Mr. Warner, the Court concludes that no reasonable juror could conclude that the ADC's grievance procedures were unavailable to Mr. Warner. Thus, since it is uncontested that Mr. Warner failed to grieve timely his claims against Mr. Hawthorne, the Court concludes that summary judgment as a matter of law in Mr. Hawthorne's favor is appropriate.

It is therefore ordered that:

1. The Court adopts the Proposed Findings and Recommendations in their entirety as the Court's findings in all respects (Dkt. No. 44);

2. The Court grants Mr. Hawthorne's motion for summary judgment and dismisses without prejudice Mr. Warner's claims against Mr. Hawthorne for failure to exhaust administrative remedies (Dkt. No. 38);

3. The Court denies as moot Mr. Warner's motion to alter or amend judgment, motion to appoint counsel, and motion for trial and oral deposition (Dkt. Nos. 49, 53, 54);

4. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal this Order and an accompanying Judgment would not be taken in good faith.

So ordered this the 5th day of September 2019.

                                                  Kristine G. Baker  
                                                  United States District Judge